IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DANNY BELL                                                            PLAINTIFF

v.                                     CIVIL ACTION NO. 1:19-cv-00084-GHD-DAS

ITAWAMBA COUNTY, MISSISSIPPI; et al.                        DEFENDANTS

**ORDER GRANTING DEFENDANT ITAWAMBA COUNTY'S
MOTION TO DISMISS OR ABSTAIN**

Presently before the Court is the Defendant Itawamba County's motion to dismiss or abstain. Upon due consideration, the Court finds that the motion should be granted and this cause dismissed.

On December 26, 2018, pursuant to Section 11-27-81 of the Mississippi Code, the Defendant Itawamba County filed a complaint in the Special Court of Eminent Domain of Itawamba County, Mississippi, seeking a grant of eminent domain to obtain temporary easements on two parcels of property, measuring 0.67 acres and 0.95 acres, owned by the Plaintiff in order to install a pipeline to bring water from the Tennessee-Tombigbee waterway to a water treatment plant.

While that action was pending, the Plaintiff, on April 29, 2019, preemptively filed this parallel action in this court, asserting claims for trespass, illegal taking, and conversion [1]. The Plaintiff has now accepted an offer of judgment in the state court case, ending that litigation [24-2]. The Plaintiff has not responded to the instant motion.

The doctrine of mootness derives from the case and controversy requirement of Article III, § 2 of the United States Constitution. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). Specifically, "[a] corollary to th[e] case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."

*Id.* (internal quotation marks omitted). Thus, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare*, 569 U.S. at 72 (internal quotation marks omitted).

The Plaintiff's accepting an offer of judgment to settle the state court action, which arose from the same set of facts as the case *sub judice*, effectively eliminates all pending issues before this court, rendering this action moot and dismissal appropriate. *GFI, Inc. v. Franklin Indus.*, 55 F. Supp. 2d 565, 568 (N.D. Miss. 1999); see *Scruggs v. Lowman (In re Scruggs)*, 392 F.3d 124, 130 (5th Cir. 2004) (holding that "by the time the district court acted in August of 2003, the sole case or controversy between the parties had ceased to exist as a matter of law. Under the doctrine of mootness, this deprived the district court of jurisdiction."). Accordingly, this action is moot and dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate.

Therefore, for the foregoing reasons, the Defendant Itawamba County's motion to dismiss or abstain [27] is GRANTED; this action is MOOT; the Plaintiff's claims are DISMISSED; and this action is CLOSED.

THIS, the 29th day of July, 2019.

SENIOR U.S. DISTRICT JUDGE