UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DANNY BELL                                                  PLAINTIFF

v.                                                           Civil No. 1:19-cv-00084-GHD-DAS

ITAWAMBA COUNTY, *et al.*                             DEFENDANTS

---

ORDER HOLDING PLAINTIFF'S MOTION TO ALTER JUDGMENT IN
ABEYANCE

---

This matter is before the Court on Plaintiff Danny Bell's motion to alter judgment [34].

Bell alleges that in the fall of 2018, Defendants effected a taking of his property when they entered and cleared land to install a water pipeline. In December 2018, Defendant Itawamba County, Mississippi, initiated an eminent domain action in the Special Court of Eminent Domain of Itawamba County, Mississippi, seeking temporary and permanent easements concerning the affected property.

While that case was pending, Bell filed this parallel action, asserting an action under 42 U.S.C. § 1983 for the uncompensated taking of his property.[1] On June 18, 2019, Itawamba County extended an offer of judgment in the state court eminent domain action that stated in part:

> Plaintiff offers to allow a judgement against it in the total sum of Thirty Five Thousand Dollars and no/100 ($35,000.00), precluding forever any suit, claim or recovery by Landowner, Landowner's successors, assigns, designees, representatives, heirs or otherwise, *for any claims, injuries, damages, and just compensation due for the taking of certain property described in the Complaint.*

Bell's attorney responded that "My client will accept the offer of $35,000 for a permanent easement in the Eminent Domain action," along with three conditions that are

---

[1] Plaintiff indicated in his complaint that he would seek a preliminary injunction but took none of the steps required under the local rules to obtain one.

1

not relevant here. Itawamba County forwarded the offer of judgment and email to the Clerk of the state court. Itawamba County then sent to Bell's attorney a proposed final judgment that tracked the language in the offer of judgment provided above. Bell's attorney signed the proposed judgment, but modified that language as follows:

> Judgment is entered herein against Itawamba County, Mississippi in favor of the Defendant in the amount of Thirty-Five Thousand Dollars and no cents ($35,000) *for just compensation due as described in the Complaint.*

After Bell's attorney emailed his purported acceptance of the offer of judgment, Defendants moved here to dismiss. Bell did not respond to Defendants' motion here. The Court found that in light of the purported settlement, the claims here were now moot, and so the Court dismissed the case. Bell now asks the court to reconsider its order.

It is necessary to note that there are two distinct sums of money that Bell seeks. First is the compensation for the use and easements on his land. Second is the damages he suffered when his land was used without first compensating him, in violation of the Fifth Amendment under 42 U.S.C. § 1983. The state court eminent domain action concerns the former, while this case concerns the latter. Bell contends that the offer of judgment he accepted did not extend to the damages in this case. Defendants contend it does. Separately, Itawamba County has filed a motion to enforce settlement and enter final judgment based on the offer of judgment in the Special Court of Eminent Domain.

This Court must give credit to any judgment issued by a court of competent jurisdiction. 28 U.S.C. § 1738; *see Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1020 (5th Cir. 1982). Thus, a judgment by a competent Mississippi state court awarding damages in favor of Bell for "any claims . . . due for the taking" of the property, may apply to his Fifth Amendment claim here.

On the one hand, the Court has concerns as to whether the Mississippi Special Court of Eminent Domain has jurisdiction over Bell's Fifth Amendment claim. *See Delta MK, LLC v. Mississippi Transp. Comm'n*, 57 So. 3d 1284, 1291 (Miss. 2011) (holding special

court of eminent domain lacked "pendant jurisdiction" over "due process and civil-rights claims"). On the other hand, because contract law generally determines whether an offer of judgment has been made and accepted, the Special Court of Eminent Domain's forthcoming ruling could hold that the parties entered into an enforceable settlement agreement. In that case, Bell may be estopped from arguing here that he didn't settle those claims.

To further complicate matters, a finding by the Mississippi court that it does have jurisdiction over those claims may also be entitled to preclusive effect under the doctrines of collateral estoppel or res judicata. "[T]he requirement of full faith and credit does not initially attach if the judgment suffers jurisdictional defects that render it void," but "[f]ederal principals of res judicata and collateral estoppel apply even to jurisdictional issues." *Fehlhaber*, 681 F.2d at 1020; *Key v. Wise*, 629 F.2d 1049, 1056 (5th Cir. 1980) ("A determination by a state court that it has jurisdiction of the case presented to it is generally conclusive, at least when the jurisdictional question is fully litigated.").

In light of these concerns, the Court finds that it should not decide Bell's motion at this time. Accordingly, it is ORDERED that:

1. The Court shall withhold ruling on Plaintiff's motion for reconsideration at this time;

2. The parties shall inform the Court of the Special Court of Eminent Domain's decision on Itawamba County's motion to enforce settlement and for entry of final judgment within 7 days of the entry of the court's decision; and

3. Within 21 days of the entry of that order, the parties shall file supplemental briefs addressing the effects of the court's decision on Plaintiff's claims in this case.

SO ORDERED, this, the 11th day of October, 2019.

_____
SENIOR U.S. DISTRICT JUDGE

3